(Cf. the next case.)

---

# Woelfel *v.* Hammer, Appellant.

*Arbitration—Bond—Judgment—Motion to set aside.*

Where parties have agreed to submit disputes to arbitrators and agree that the submission shall be a rule of court, without designating the court, and also give bonds, with warrant of attorney, to each other to secure the payment of the award, and the amount of the award is recovered by means of a judgment entered upon the bond, the fact that the award is entered in the court of common pleas is a mere irregularity which does defendant no harm, and which does not entitle him to have the award set aside.

Argued Nov. 3, 1893. Appeal, No. 240, Oct. T., 1893, by defendant, J. B. Hammer, from order of C. P. No. 1, Allegheny Co., Sept. T., 1892, No. 141, refusing to set aside award of arbitrators in favor of plaintiff, Lawrence Woelfel. Before STERRETT, C. J., GREEN, WILLIAMS, MITCHELL, DEAN and THOMPSON, JJ.

Rule to set aside award of arbitrators.

From the record it appeared that the parties entered into an agreement to arbitrate, the material portions of which were as follows :

Now this agreement witnesses that we, the said Lawrence Woelfel and J. B. Hammer, under the provisions of the act of assembly in such cases made and provided, do hereby agree to submit all matters in controversy between us, including all matters connected with the firm and business and accounts of Lad-

ley & Co., of J. B. Hammer & Co., all claims of Lawrence
Woelfel against J. B. Hammer individually, or against J. B.
Hammer and wife, or against J. B. Hammer and any other per-
son, or claims or demands otherwise, howsoever, which either
party may have against the other, to the following arbitrators
mutually chosen by us, namely: S. U. Trent, Chas. E. Corne-
lius and A. Y. Smith, and furthermore respectively bind our-
selves to submit to and be finally concluded by the award or
umpirage of said referees or arbitrators, or a majority of them.

" We further agree to file bonds as follows, viz. : A bond in
the sum of $2,000 from said Hammer, with approved sureties
to said Woelfel, and a bond in the sum of $100 from said Woel-
fel with approved sureties to said Hammer ; said bonds to be
filed respectively with the parties in whose favor they may be
drawn, and to be conditioned for the payment within 90 days
of any award or umpirage made by said arbitrators, or a ma-
jority thereof. Said bonds to contain judgment clause, with
warrant to confess, waiver, etc.

" We further agree that our submission to such award or
umpirage be made a rule of and in the court of common pleas
of Allegheny county."

Judgment was entered upon the bond by warrant of attor-
ney against J. B. Hammer and Anna M. Taylor and J. B.
Sheriff as sureties.

The arbitrators made an award against Hammer for $1,717.66.
The award was filed and judgment was entered thereon the
same day. An execution was issued, but the writ was stayed.
No further attempt was made to collect the award by means of
the judgment thereon, but the money was collected under the
judgment entered on the bond.

On July 2, 1892, J. B. Hammer filed a petition to have the
award set aside, because it could not be sustained as a common
law award, because the agreement said it was under provision
of the act of assembly in such cases made and provided; neither
could it be sustained as an award under the act of assembly,
because the parties did not select either Common Pleas Court,
No. 1, of Allegheny county, or any other court of record in the
commonwealth of Pennsylvania, and agree in writing that their
submission should be made a rule of said selected court. That
as an affidavit of an attesting witness was not produced in the

court selected, setting forth that the parties had agreed their submission should be a rule of that court, it was not proper to file the agreement to submit, and the court has no authority to make the said submission a rule, nor to confirm the award. Defence on the merits was also averred, with statements of items. The above rule was then granted.

Plaintiff answered that the award and subsequent proceedings were good under the common law and the agreement of submission, and the defect, if any, as to affidavit, had been cured by the subsequent filing of an affidavit.

Rule to set aside award discharged. Defendant appealed.

*Error assigned* was discharge of rule.

*W. I. Craig,* for appellant, cited: Benjamin v. Benjamin, 5 W. & S. 562; Speer v. Bidwell, 44 Pa. 26; Act of June 16, 1836, §§ 1, 2, 4, P. L. 715; Marshall v. Bozorth, 17 Pa. 409; Marlin v. Waters, 127 Pa. 177; Sedgwick, Stat. 325.

*J. A. Langfitt* and *A. B. Angney,* for appellee, not heard, cited: White v. Shriver, 2 Watts, 471; Richardson v. Cassilay, 3 Watts, 320; Large v. Passmore, 5 S. & R. 51; Hume v. Hume, 3 Pa. 144; Robinson v. Bickley, 30 Pa. 383; Bingham's Trustees v. Guthrie, 19 Pa. 423; Henneigh v. Kramer, 50 Pa. 530; Wynn v. Bellas, 34 Pa. 160; Christman v. Moran, 9 Pa. 487; Wall v. Fife, 37 Pa. 394; Shisler v. Keavy, 75 Pa. 79; Rogers v. Playford, 12 Pa. 181; Buckwalter v. Russell, 119 Pa. 501; Summerville v. Painter, 44 Pa. 110; Sands v. Rolshouse, 3 Pa. 456; Morgan's Ap., 110 Pa. 276; Speer v. Bidwell, 44 Pa. 26.

PER CURIAM, January 15, 1894:

Concurrent proceedings seem to have been taken to set aside the award and open a judgment, to secure the same debt, entered against the defendant. The decree of the court below discharging the rule to show cause why the judgment should not be opened, etc., has been affirmed in an opinion just filed at No. 262 of this term [the preceding case], and there is no reason why a similar disposition should not be made of this appeal. No apparent injustice has been done or is contemplated against defendant. He voluntarily submitted all matters

in dispute between him and the plaintiff without exception or appeal, and the amount of the award against him has been collected through the medium of the judgment above mentioned, which had been given to secure it.  It is not proposed to collect the debt a second time.  The reasons upon which the application to set aside the award is based are purely technical.  At most the entry of the award was a mere irregularity which did defendant no harm.

Decree affirmed and appeal dismissed with costs to be paid by defendant.